An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SCOTTSDALE INSURANCE
COMPANY,
Appellant,
vs.
LIBERTY MUTUAL INSURANCE
COMPANY,
Respondent.

No. 66706

**FILED**

DEC 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER DECLINING CERTIFIED QUESTION

This matter involves questions of law certified to this court by the United States District Court for the District of Nevada. The following questions have been certified to this court:

> Does Nevada recognize a claim for equitable subrogation by an umbrella/excess insurance carrier against an underlying umbrella/excess insurance carrier or a primary insurance carrier? If so: a) under what circumstances can such a claim be asserted[,] b) what are the elements of such an equitable subrogation claim, and c) what defenses can be asserted to such a claim? In particular, does an underlying insurance carrier or a primary insurance carrier owe any duties to an umbrella/excess insurance carrier? Alternatively, does the insurance carrier asserting an equitable subrogation claim stand in the shoes of the insured, and when, if at all, can that insurance carrier assert a claim if the insured would be barred from, or limited in, doing so? Finally, can an umbrella/excess [insurance] carrier assert contractual subrogation rights based upon the provisions of the policy between the insured and [the] umbrella [insurance] carrier separate from a claim for equitable subrogation?

In certifying the above questions to this court, the district court notes that the parties dispute certain underlying facts and that the district court has not yet made any factual determinations with regard to those disputes.

14-40958

But in the absence of an established set of underlying facts, our answers to the certified questions will largely not be determinative of any part of the federal case and will potentially be of questionable precedential value. As a result, we conclude that our resolution of the certified questions is not appropriate under these circumstances, *see Volvo Cars of N. Am., Inc. v. Ricci*, 122 Nev. 746, 137 P.3d 1161 (2006), and we therefore decline the certified questions in this case. In so doing, we make no comment on the merits of the certified questions, and our decision to decline these questions shall have no bearing on our decision to accept or decline a subsequent federal court's certification of questions presenting the issues raised here under circumstances more conducive to our consideration of these issues.

It is so ORDERED.[1]

_____, C.J.
Gibbons

_____, J.          _____, J.
Pickering                                        Hardesty

_____, J.          _____, J.
Parraguirre                                    Douglas

_____, J.          _____, J.
Cherry                                            Saitta

_____

[1]Having considered appellant's November 25, 2014, motion to set briefing schedule, we deny the motion.

cc: Hon. Gloria M. Navarro, United States District Court of Nevada
Kravitz, Schnitzer & Johnson, Chtd.
Gena LoPresto Sluga
Koeller Nebeker Carlson & Haluck, LLP/Las Vegas
Gibson, Dunn & Crutcher LLP/Denver
Clerk, United States District Court for the District of Nevada